[No. 22091. Department One. March 26, 1930.]

STONEWAY LUMBER COMPANY, INCORPORATED, *Appellant,*
v. UNIVERSAL MORTGAGE CORPORATION,
*Respondent.*[1]

*Karl F. Hass,* for appellant.
*Meier & Meagher,* for respondent.

PARKER, J.—The plaintiff lumber company com-
menced this action in the superior court for King
county, seeking foreclosure of its lien for lumber
furnished by it to be used in the construction of a
dwelling house for the defendant Lovenberg upon a
lot in Seattle owned by him. The defendant mortgage
corporation was made an additional defendant because
it held a mortgage upon the property, which the
lumber company alleged to be a lien inferior to its
lumber lien. The mortgage corporation cross-com-
plained, asserting the superiority of its mortgage lien
and seeking foreclosure thereof. A trial upon the
merits resulted in a decree awarding to the mortgage
corporation relief as prayed for, from which the lumber

[1]Reported in 286 Pac. 62.

company has appealed to this court. The relative lien rights of other parties to the action were adjudicated by the decree; but the appeal of the lumber company challenges the decree only in so far as it adjudicates the mortgage lien to be superior to the lumber lien.

The mortgage in question was duly filed and made of record in the office of the auditor of King county on May 12, 1928, at 9:51 a. m. The lumber company contends that it commenced to deliver lumber on the lot, to be used in the construction of the house thereon, between seven and eight o'clock during the morning of May 12, and introduced evidence tending to show such delivery. The mortgage corporation contended that no lumber was delivered on the lot by the lumber company, or anyone, earlier than noon of May 12, and introduced evidence tending to so show; which evidence also tended to show that no lumber was so delivered until May 14.

There is nothing here calling for consideration other than the question of fact as to when the lumber company commenced to deliver lumber upon the lot. It is conceded that the commencement of delivery of lumber before 9:51 a. m. on May 12, the time of the recording of the mortgage, is necessary to be proven in order to establish the superiority of the lumber lien over the mortgage lien. The evidence introduced in behalf of the lumber company is not very clear or satisfactory, though standing alone undisputed, we may concede that it would be sufficient to establish the superiority of the lumber lien over the mortgage lien. There was, however, positive direct testimony, which seems to us to be credible, as it manifestly did to the trial judge, that no lumber was delivered upon the lot by the lumber company, or by anyone, prior to noon on May 12. Indeed, the evidence as a whole furnishes

substantial ground for arguing that no lumber was delivered upon the lot until May 14.

We are clearly of the opinion that the evidence does not preponderate against the conclusion of the trial court that the mortgage was duly recorded before the commencement of the delivery of any lumber by the lumber company to be used in the construction of the house. This, manifestly, is the theory upon which the trial judge decided the case, though he made no formal findings, as he was not required to do, this being an equity case.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.